# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 05-393-WDS |
| | ) | |
| RANDY DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Petitioner brings this action under the umbrella of habeas corpus law.  28 U.S.C. § 2241.

Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody.

*Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973).  The writ has been extended, under certain

circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement.  *See,*

*e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); *Graham v. Broglin*, 922 F.2d 379 (7th

Cir. 1991).

> If the prisoner is seeking what can fairly be described as a quantum
> change in the level of custody – whether outright freedom, or
> freedom subject to the limited reporting and financial constraints of
> bond or parole or probation, or the run of the prison in contrast to the
> approximation to solitary confinement that is disciplinary
> segregation – then habeas corpus is his remedy.  But if he is seeking
> a different program or location or environment, then he is challenging
> the conditions rather than the fact of his confinement and his remedy
> is under civil rights law....

*Id*. at 381; *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

In the instant case, Petitioner challenges a disciplinary proceeding that resulted in the loss

of telephone and commissary privilege, as well as thirty days in segregation.  Thus, habeas corpus is arguably the proper manner in which to challenge that proceeding.

However, Petitioner must show that the government deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

In the instant case, Petitioner alleges that he was placed in disciplinary segregation for thirty days in violation of his right to procedural due process.  However, he has no protected liberty interest in remaining in general population.  *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship).

In summary, this habeas action does not survive review under Rule 4.  Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: June 10, 2005**

**_s/ WILLIAM D.  STIEHL_**
**DISTRICT JUDGE**